UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TLAPANCO,

          Plaintiff,

v.

MICHAEL J. BOUCHARD,
OAKLAND COUNTY, and
MICHAEL MCCABE,

          Defendants.

_____/

Case No. 2:20-cv-10483
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF
DISCOVERY PENDING FINAL DISPOSITION OF DEFENDANTS'
MOTION TO DISMISS (ECF No. 15), GRANTING PLAINTIFF'S MOTION
TO COMPEL DEPOSITION OF ASSISTANT PROSECUTING
ATTORNEY PAUL WALTON (ECF No. 21) and PROVIDING A LIMITED
EXTENSION OF DISCOVERY AND OF PLAINTIFF'S DEADLINE FOR
FILING A DISPOSITIVE MOTION**

**A.    Background**

In Tlpanco's prior lawsuit, which was based on the Fourth Amendment,

initiated in the Southern District of New York, but subsequently transferred to the

Eastern District of Michigan, this Court entered an order granting the Oakland

County Defendants' motion for summary judgment, granting the New York City

Defendants' motion for summary judgment, and denying Plaintiff's motion for

summary judgment.  Accordingly, the case was closed on March 13, 2019.  *See*

*Tlapanco v. Elges et al.*, Case No. 2:16-cv-13465-AJT-APP (E.D. Mich.) (ECF

Nos. 63-64).

However, Plaintiff filed an appeal, and, on August 12, 2020, the Sixth

Circuit affirmed in part and reversed in part this Court's judgment.  (ECF Nos. 69,

76.)  Since then, the Sixth Circuit issued its mandate (ECF No. 79), and this Court

has re-opened the case and set a video status conference for October 6, 2020, in

part to "discuss the possible consolidation of this case with *Tlapanco v. Bouchard,*

*et al.*, Case No. 2:20- cv-10483-AJT-APP[,]" (ECF No. 80, PageID.2040.)

## B.      Instant Matter

Plaintiff initiated this lawsuit on February 25, 2020.  As pleaded in his May

15, 2020 amended complaint, "[t]his lawsuit only pertains to the deprivation of

Plaintiff's due process rights AFTER the dismissal of his first lawsuit."  (ECF No.

6, ¶ 23.)  The sole cause of action alleges property deprivation in violation of the

Fourteenth Amendment.  (*Id.*, ¶¶ 31-33.)

Pursuant to the Court's June 22, 2020 scheduling order, discovery closed on

September 22, 2020, and dispositive motions are due on October 22, 2020.  (ECF

No. 11.)

## C.      Pending Motions

Currently pending before the Court are Defendants' motions to dismiss and

for summary judgment (ECF Nos. 5, 8, 19), as well as two non-dispositive

motions:  (1) Defendants' motion for stay of discovery pending final disposition of Defendants' motion to dismiss (ECF No. 15), regarding which a response and reply have been filed (ECF Nos. 16, 18); and, (2) Plaintiff's motion to compel deposition of APA Paul Walton (ECF No. 21), regarding which a response and reply have been filed (ECF Nos. 25, 26).  Additionally, Defendants filed a statement of resolved and unresolved issues.  (ECF No. 27.)

Judge Tarnow has referred the non-dispositive motions to me for hearing and determination.  (ECF No. 22.)  A video hearing was noticed for September 29, 2020, at which attorneys Solomon M. Radner and Robert C. Clark appeared.  (ECF No. 23.)

### D.    Order

Having reviewed the motion papers and considered the oral argument of counsel for the parties, and for the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if fully restated herein</u>, Defendants' motion for stay of discovery (ECF No. 15) is **DENIED**, and Plaintiff's motion to compel deposition (ECF No. 21) is **GRANTED**.  Moreover, Discovery is extended until **Friday, October 30, 2020** for the limited purposes of Plaintiff conducting no more than a 2 hour deposition of APA Walton and Defendants conducting a no more than 1 hour deposition of Plaintiff.  This is the only discovery permitted going forward.  Moreover, Defendants having already filed their dispositive motions,

Plaintiff is permitted up to and including **Monday, November 23, 2020** by which

to file a dispositive motion.

Finally, even though the Court is granting Plaintiff's motion to compel, the

Court is not ordering payment of Plaintiff's reasonable expenses, because "other

circumstances make an award of expenses unjust[,]" Fed. R. Civ. P.

37(a)(5)(A)(iii), as explained from the bench.

**IT IS SO ORDERED.**

Dated:  September 29, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE